UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY C. MARTINEZ,<br><br>    Petitioner,<br><br>  v.<br><br>JAMES D. HARTLEY, Warden,<br><br>    Respondent.<br>                                        / | No. C 11-882 SI (pr)<br><br>**ORDER DENYING HABEAS PETITION AND DENYING CERTIFICATE OF APPEALABILITY** |

**INTRODUCTION**

Jerry Martinez, a prisoner of the State of California, filed this habeas action under 28 U.S.C. § 2254 to challenge his 2008 sentence in the Sonoma County Superior Court. This matter is now before the court for consideration of the merits of the pro se habeas petition. For the reasons discussed below, the petition is denied.

**BACKGROUND**

On July 1, 2008, Petitioner pled no contest and was convicted in case number SCR-514810 of unlawful possession of ephedrine with the intent of manufacturing methamphetamine (Health and Safety Code § 11383.5(b)(1)). (Pet. at 3.) On September 11, 2008, Petitioner was convicted in case number SCR-544448 of unlawful possession of a controlled substance for sale (Health and Safety Code § 11351). (Id.) On September 11, 2008, the trial court sentenced Petitioner to six years in state prison for both cases. (Id.) Petitioner did not appeal his conviction. (Id. at 4.)

On May 13, 2009, Petitioner filed a petition for writ of habeas corpus in Sonoma County Superior Court. (Id. at 6.) The petition was denied with a reasoned opinion on March 3, 2010. (Id.) On March 25, 2010, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. (Id.) The petition was summarily denied on April 1, 2010. (Id.) On April 12, 2010, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was summarily denied on December 1, 2010. (Id. at 7.)

The instant federal petition was filed on February 24, 2011. The Court found cognizable Petitioner's first claim that his right to due process was violated by the state court's refusal to conduct a hearing pursuant to California Penal Code § 1170.9 to determine whether he was entitled to alternative sentencing as a veteran. (Id. at 7-8.) The Court dismissed the other claims and ordered Respondent to show cause why the petition should not be granted as to claim one. Respondent filed an answer, and Petitioner filed a traverse. The case is now ready for review on the merits.

## JURISDICTION AND VENUE

This court has subject matter jurisdiction over this habeas action for relief under 28 U.S.C. § 2254. 28 U.S.C. § 1331. This action is in the proper venue because the challenged action concerns a conviction obtained in Sonoma County, which is in this district. See 28 U.S.C. §§ 84, 2241(d).

## EXHAUSTION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c). The parties do not dispute that state court remedies were exhausted for the claims asserted in the petition.

///

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

This Court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). It is error for a federal court to review de novo a claim that was adjudicated on the merits in state court. See Price v. Vincent, 538 U.S. 634, 638-43 (2003) (reversing judgment of 6th Circuit granting habeas relief on de novo review where claims did not meet standards for relief under § 2254(d)(1)). A state court has "adjudicated" a petitioner's

3

constitutional claim "on the merits" for purposes of § 2254(d) when it has decided the petitioner's right to post-conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim on the basis of a procedural or other rule precluding state court review on the merits. Barker v. Fleming, 423 F.3d 1085, 1092 (9th Cir. 2005); Lambert v. Blodgett, 393 F.3d 943, 969 (9th Cir. 2004). A petitioner must present clear and convincing evidence to overcome the presumption of correctness; conclusory assertions will not do. Taylor v. Maddox, 366 F.3d 992, 1000 (9th Cir. 2004).

## DISCUSSION

As grounds for relief, Petitioner claims his right to due process was violated by the state court's refusal to conduct a hearing pursuant to California Penal Code § 1170.9 to determine whether he was entitled to alternative sentencing as a veteran. State sentencing courts must be accorded wide latitude in their decisions as to punishment. See Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987), cert. denied, 488 U.S. 926, and cert. denied, 488 U.S. 981 (1988). Generally, therefore, a federal court may not review a state sentence that is within statutory limits. See id. Federal courts must defer to the state courts' interpretation of state sentencing laws. See Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir. 1993). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).

Respondent asserts that Petitioner's claim is solely based on state law and is therefore not cognizable on federal habeas. (Ans. at 3.) However, the constitutional guarantee of due process remains fully applicable at sentencing. See Gardner v. Florida, 430 U.S. 349, 358 (1977). State law may guarantee a defendant certain procedural rights at sentencing which may not be arbitrarily denied under due process. See Hicks v. Oklahoma, 447 U.S. 343, 346 (1980) (defendant may not be arbitrarily denied state-created liberty interest in sentencing procedure). Where a state has provided a specific method for determination of the type of sentence to be imposed, a federal habeas corpus petitioner's interest in having that method adhered to is not merely a matter of state procedural law for purposes of determining whether petitioner's claim

4

is based on an interest cognizable under federal habeas corpus statute. Fetterly v. Paskett, 997 F.2d 1295 (9th Cir. 1993). For example, Nevada's requirement that a state judge find that it is "just and proper" for a particular defendant to be adjudged a habitual criminal and Washington's requirement that the Washington Supreme Court "review and make particular finding before affirming the death sentence," create such constitutionally protected liberty interests. See Walker v. Deeds, 50 F.3d 670, 672 (9th Cir. 1995) (Nevada); Campbell v. Blodgett, 997 F.2d 512, 522 (9th Cir. 1992) (Washington), cert. denied, 510 U.S. 1215 (1994).

At the time Petitioner was convicted, § 1170.9 provided in relevant part:

> In the case of any person convicted of a criminal offense who would otherwise be sentenced to county jail or state prison and who alleges that he or she committed the offense as a result of post-traumatic stress disorder, substance abuse, or psychological problems stemming from service in a combat theater in the United States military, the court shall, prior to sentencing, hold a hearing to determine whether the defendant was a member of the military forces of the United States who served in combat and shall assess whether the defendant suffers from post-traumatic stress disorder, substance abuse, or psychological problems as a result of that service.

Cal. Penal Code § 1170.9.

In California, for a Vietnam veteran to take advantage of Penal Code § 1170.9 at sentencing, he must establish that "he was a member of the United States military forces, served in combat in Vietnam, and suffers from substance abuse that resulted from that service." People v. Enriquez, 205 Cal. Rptr. 238 (Cal. App. 2d Dist. 1984). Thus, a petitioner must (1) apprise the court of his interest, desire and willingness to avail himself of the benefit of this legislation, (2) request sufficient time to muster the necessary proof to support the court's finding that he is eligible for such commitment, and (3) provide the information necessary to assist the court in exercising its discretion properly. People v. Amerson, 198 Cal. Rptr. 678 (Cal. App. 2d Dist. 1984). Upon that showing, the court must then *consider*, and *may* then commit him to the custody of federal authorities for incarceration for the term imposed. Enriquez, 205 Cal. Rptr. at 238 (emphasis in original).

As grounds for federal habeas relief, Petitioner claims he was denied a § 1170.9 pre-sentencing hearing. (Pet. at 6.) According to Petitioner, the Sonoma County Presentence Report, signed as being read and considered by the trial judge, noted that Petitioner served in

5

combat duty in Vietnam and had previously been involved in substance abuse. (Id., Attach. at 2, 7.) In addition, Petitioner asserts that the trial court was provided with letters from family, friends, and a veteran's service representative regarding the psychological effects of Petitioner's service in Vietnam, and more specifically, Petitioner's struggles with addiction. (Id., Attach. at 2.)

In denying Petitioner's state petition for writ of habeas corpus, the superior court determined that Petitioner's claim was without merit because he failed to specifically assert that he was entitled to a hearing under § 1170.9.

> Prior to sentencing, petitioner never alleged to the trial court that he was a member of the U.S. military who served in combat and suffers from PTSD, substance abuse, and/or psychological problems as a result of that service. Therefore, the Court's duty to conduct the mandatory Penal Code Section 1170.9(a) hearing was never triggered. The Court did not have a sua sponte duty to make any such inquiries. Therefore, the trial court cannot be faulted for not holding a Penal Code Section 1170.9(a) hearing prior to sentencing.

(Ans. Ex. D-49.)

This Court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The state court noted that prior to sentencing, Petitioner's probation report noted his medical and mental health conditions and his military service. (Ans. Ex. D-49.) However, beyond the probation report, Petitioner fails to point out in the trial record that (1) he ever apprised the trial court of his interest, desire and willingness to avail himself of the benefit of § 1170.9, (2) he ever requested sufficient time to muster the necessary proof to support the trial court's finding that he was eligible for such commitment, or that (3) he ever provided the information necessary to assist the trial court in exercising its discretion properly. See People v. Amerson, 198 Cal. Rptr. 678 (Cal. App. 2d Dist. 1984). Therefore, this Court must presume correct the state court's determination that Petitioner never alleged to the trial court that he was a member of the U.S. military entitled to the benefit of § 1170.9 because Petitioner has not rebutted the state court's determination by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

When trial errors occur during the presentation of the case to the jury, they are amenable

6

to harmless-error analysis because they may be qualitatively assessed in the context of other evidence presented in order to determine their effect on the trial. Brecht v. Abrahamson, 507 U.S. 619, 629 (1993); Arizona v. Fulminante, 499 U.S. 279, 307 (1991); Hardnett v. Marshall, 25 F.3d 875, 879 (9th Cir. 1994). A habeas petitioner is not entitled to relief unless such a trial error "'had substantial and injurious effect or influence in determining the jury's verdict.'" Brecht, 507 U.S. at 637 (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). In other words, state prisoners seeking federal habeas relief may obtain plenary review of constitutional claims of trial error, but are not entitled to habeas relief unless the error resulted in "actual prejudice." Id. (citation omitted); see, e.g., Brown v. Mayle, 283 F.3d 1019, 1039 n.20 (9th Cir. 2002) (finding Brecht prejudice where sentencing error affected length of sentence). Thus, even if Petitioner had been successful in showing that the trial court erred in failing to conduct a § 1170.9 hearing prior to sentencing, the superior court found that Petitioner failed to demonstrate any prejudice, i.e., a reasonable probability of a more favorable outcome.[1]

> Prior to sentencing, the probation report noted petitioner's medical and mental health conditions and his military service. Nonetheless, the trial court sentenced petitioner to prison. After sentencing, petitioner filed a motion for recall of the sentence. Although the recall motion did not mention Penal Code Section 1170.9 specifically, the motion did detail the fact that defendant is a veteran, that he is an addict, that he has PTSD, and that the Veteran's Affairs of the Palo Alto Health Care System indicated defendant was eligible for their services. Yet the trial court refused to recall defendant's prison sentence. This indicates that the same result would have occurred had a Penal Code Section 1170.9(a) hearing been held prior to sentencing. Additionally, petitioner has a lengthy criminal history, including two prior felony convictions. Pursuant to Penal Code Section 1203(3)(4), the Court could only place defendant on probation if the case was an unusual case where the interests of justice would be best served if the person is granted probation. The record does not indicate that this is such a case.

(Ans. Ex. D-49-50.)

Petitioner has failed to demonstrate that he would have had a more favorable outcome had the trial court held a § 1170.9 hearing prior to sentencing. The superior court made a reasonable

---

[1] The superior court's discussion regarding prejudice pertained to Petitioner's claim in his state petition that his counsel rendered ineffective assistance. Although Petitioner did not raise a claim of ineffective assistance of counsel in the instant petition, the superior court's discussion regarding lack of prejudice is relevant in showing that the trial court's error, if any, was harmless.

7

determination that "the [c]ourt's duty to conduct the mandatory Penal Code Section 1170.9(a) hearing was never triggered," and that even if there was error, that Petitioner was not actually prejudiced. (Ans. Ex. D-49). The decision of the state court denying Petitioner's claim was neither contrary to, nor involved an unreasonable application of, clearly established Federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). As such, habeas relief is not warranted.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is DENIED. A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals. The clerk shall enter judgment in favor of respondent, and close the file.

IT IS SO ORDERED.

Dated: July 9, 2012

_____
SUSAN ILLSTON
United States District Judge